## Johnston, Appellant, *v.* Filer.

*Contract—Mines and mining—Tons—Screenings.*

A mining company agreed to pay the owner of minerals " ten cents for each ton of 2,240 pounds of merchantable iron ore, and ten cents for each ton of 2,240 pounds of merchantable screened block coal, and ten cents for each ton of merchantable screened bituminous coal, the screen used not to exceed one and one half inches, and the screenings to belong to the party of the second part, free of charge, and ten cents for each ton of 2,240 pounds of limestone." *Held* (1) that a ton of 2,240 tons of " merchantable screened bituminous coal " was contemplated by the contract, the presumption being that as a ton of that kind was specified at the first mention of the coal, it was intended to apply to all kinds of coal that were mentioned; (2) that whatever passed through a screen of one and one half inches belonged to the mining company, and it was immaterial if the company passed it a second time over a smaller mesh, and thus obtained a nut coal which they could sell on the market.

Argued Oct. 15, 1901. Appeal, No. 110, Oct. T., 1901, by defendant, from judgment of C. P. Mercer Co., Jan. T., 1900, No. 146, on case stated in case of Alexander Johnston v. Enoch Filer, Joseph Forker, Mary W. Carver and Eva W. Sutliff, trading as Westerman, Filer & Company. Before McCOLLUM, C. J., MITCHELL, DEAN, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Case stated to determine the amount of royalties due.

The material portions of the case stated were as follows :

1. The defendants mined and removed from the lands of plaintiff certain qualities of bituminous coal under and in pursuance of the following coal lease or contract:

" This agreement made this 14th day of October, A. D. 1880, by and between Alexander Johnston, of the County of Mercer and State of Pennsylvania of the first part and T. M. Watson of the second part; Witnesseth: That the said party of the first part for and in consideration of the covenants hereinafter to be performed by the party of the second part, do by these presents grant, bargain, sell and convey to the second party, all the coal, iron ore, limestone or other minerals in that certain tract of land, situate in the Township of Pine, Mercer County,

and State of Pennsylvania, bounded and described as follows, to wit: Bounded on the north by lands of W. Aubeny, east by lands of J. D. McDowell and public road, south by lands of P. Shipler and Stewart, west by D. McKnight and A. McElheney, containing 72 acres more or less, together with all the rights and privileges upon said land incident, necessary and convenient for the mining, securing and removing the said minerals from said land and other lands, including the right of deposit thereon, waste and refuse material.

" In consideration whereof, the said party of the second part, for his heirs or assigns, hereby covenant and agree to pay to the said party of the first part, ten cents for each ton of 2,240 pounds of merchantable iron ore, and ten cents for each ton of 2,240 pounds of merchantable screened black coal, and ten cents for each ton of merchantable screened bituminous coal, the screen used not to exceed $1\frac{1}{2}$ inches, and the screenings to belong to the party of the second part, free of charge, and ten cents for each ton of 2,240 pounds of limestone, payments to be made semi-annually on the first days of January and July of each year. . . ."

2. That all of the coal mined by defendants from plaintiff's lands under said lease was screened, in the first instance, over a one and one half inch screen, and that the amount passing over this screen was 41,121 gross tons of 2,240 pounds each; and that defendants paid to plaintiff in semi-annual payments while mining was going on ten cents per gross ton for all of said 41,121 gross tons of coal.

3. That 27,414 gross tons of coal passed through said one and one half inch screen.

4. That of said 27,414 gross tons of coal so passing through said one and one half inch screen, 10,143 gross tons were sold and shipped by defendants without any further division of the same ; the manner of shipment being as follows: These 10,143 gross tons were reunited with the lump coal from which they had been separated by the said one and one half inch screen, and together sold and shipped as run of mine.

5. That 17,271 gross tons of said coal passing through said one and one half inch screen were further divided by defendants by means of a three-quarter inch screen, and by this means

5,613 gross tons of nut coal were obtained which were sold and shipped by defendant separately as nut coal.

6. If the said 10,143 gross tons which passed through said one and one half inch screen had been screened again in the same manner as said 17,241 gross tons above mentioned, it would have produced 3,296 gross tons of nut coal.

7. That all of said various kinds of coal, including the slack, which passed through the small screen, was sold and shipped by defendants.

The court entered judgment for defendants on the case stated.

*Error assigned* was in entering judgment for defendants on the case stated.

*B. Magoffin,* for appellant, cited: Evans v. Myers, 25 Pa. 114; Weaver v. Fegely & Bro., 29 Pa. 27; Frazier v. Monroe, 72 Pa. 166; Martin et al. v. Berens, 67 Pa. 459; Mercer Mining & Mfg. Co. v. McKee, 77 Pa. 170.

*Q. A. Gordon,* for appellees, was not heard.

OPINION BY MR. JUSTICE MITCHELL, January 6, 1902:

The contract contemplates the avoirdupois ton of 2,240 pounds. This is distinctly specified in regard to each separate subject for which royalty is to be paid, viz: iron ore, coal and limestone. Two kinds of coal are provided for, screened block and screened bituminous, and no distinction is made between them as to royalty or as to the size of the mesh in the screen. There is no ground to infer any intended distinction as to the ton by which the royalty is to be measured. On the contrary the kind of ton being specified at the first mention of coal, the presumption is that it was intended to apply to all kinds of coal that were mentioned.

On the other question the contract provides " the screenings to belong to the party of the second part free of charge," and stipulates for a maximum screen. Whatever passes through that belongs to the defendants, and whether they put it all in the culm pile, or rescreen it and sell part as nut coal is no con-

cern of plaintiffs.   Passing it a second time over a smaller mesh does not bring it under the description of "merchantable screened bituminous" coal, for which royalty is to be paid, for that was already settled by the provision for a screen not exceeding one and a half inches.   This feature distinguishes the case from Mercer Mining & Mfg. Co. v. McKee, 77 Pa. 170, and Dunham v. Haggerty, 110 Pa. 560.

Judgment affirmed.