# Stitzer, Appellant, v. Fonder.

*Equity — Accounting — Mutual accounts — Discovery — Jurisdiction — Evidence — Books of account.*

A bill in equity for a discovery and for an accounting of profits under a contract, may be maintained where it appears that the contract imposed upon both parties mutual duties of accounting.

In such a case books procured and opened by the parties for the purpose of keeping therein their joint accounts are admissible as evidence in support of the bill.

On a bill in equity for discovery and an accounting, it appeared that the plaintiff and defendant agreed in writing that they would "together enter into certain contracts for municipal and government work, etc.," defendant to advance all the moneys required, and the plaintiff "in lieu of advancing money shall devote his entire time and best services to the execution of the work thereupon."   Plaintiff was to receive $100 per month as compensation for his services, and a certain per cent "of the actual profits accruing from the business from said certain contracts" that he and the defendant "had mutually agreed to enter into, as aforesaid."   The defendant filed an answer in which he alleged that the contract was for the construction of underground conduits, sewers and drains, and that no contracts for such

construction had been obtained. The answer admitted that the defendant had obtained a large number of contracts for general construction work. All of these contracts had been taken in defendant's own name. *Held*, (1) that the agreement between the parties was not limited merely to contracts for conduits, sewers and drains; (2) that it was immaterial that the contracts were taken in the name of the defendant alone; (3) that the plaintiff was entitled to the equitable relief which he sought.

Argued Jan. 9, 1906. Appeal, No. 316, Jan. T., 1905, by plaintiff, from decree of C. P. No. 1, Phila. Co., March T., 1905, No. 4,481, dismissing bill in equity in case of James Herbert Stitzer, Jr., v. Edward F. Fonder. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Bill in equity for an account and discovery. Before BRÉGY, J. The facts are stated in the opinion of the Supreme Court.

The court after hearing testimony on motion dismissed the bill.

*Error assigned* was decree dismissing the bill.

*Ira J. Williams*, with him *Frank S. Busser*, for appellant.— The answer tacitly admits all the facts which constitute appellant's case, as made in the bill, including the execution of the agreement, its continuance for two years, the securing of contracts, appellee furnishing the money, the appellant, "in lieu of advancing money," devoting "his entire time and his best services to the execution of the work thereupon," and the payment to Stitzer of $100 per month: Krueger v. Nicola, 205 Pa. 38; Fuller v. Law, 207 Pa. 101.

It was error to exclude the books containing the transactions relating to the contracts in question: Frick v. Barbour, 64 Pa. 120; Richter v. Selin, 8 S. & R. 425.

Even if the answer be regarded as responsive, it was overcome: McCullough v. Barr, 145 Pa. 459; Eaton's App., 66 Pa. 483.

The agreement did not contemplate that it should apply only to contracts actually signed, sealed and delivered by both the parties thereto: Blanchard v. Blanchard, 67 N. Y. Supp. 478; Iron & Coal Co. v. Smith, 66 Pa. 340; Brown v. Title & Trust

Co., 174 Pa. 443; Hill v. Voorhies, 22 Pa. 68; Graham v. Dempsey, 169 Pa. 460.

The agreement was clearly one of partnership: Little v. Hazlett, 197 Pa. 591; Gregg Twp. v. Half-Moon Twp., 2 Watts, 342; Sims v. Willing, 8 S. & R. 103; Gloninger v. Hazard, 42 Pa. 389; Oil Well Packer Co's. App., 128 Pa. 421.

*Ruby R. Vale*, with him *Edward W. Magill*, for appellee.— While a right to share in the profits may constitute the relation of partnership as to creditors, yet the distinction has been authoritatively established in this state that an interest in or commission on contingent profits as the measure of compensation for services does not as between the parties themselves create the relation of partnership: Edwards v. Tracy, 62 Pa. 374; Miller v. Bartlet, 15 S. & R. 137; Dunham v. Rogers, 1 Pa. 255; Ryder v. Jacobs, 182 Pa. 624; Raiguel's App., 80 Pa. 234.

It is a well recognized rule that the burden of proving a partnership is upon him who avers it: Hallstead v. Coleman, 143 Pa. 352; Gibb's Est., 157 Pa. 59; Sattler v. Sauer, 45 P. L. J. 143; Mathers v. Patterson, 33 Pa. 485; Fenner v. Rhoad, 8 North. Co. 121.

It is a well settled principle that in equity a responsive answer is conclusive in favor of the defendant, unless it is overcome by the testimony of two credible witnesses, or of one witness and such corroborative facts as are equal to the testimony of another witness, and that consequently it has been held that the testimony of the plaintiff as to the fact of partnership, when met by the distinct denial of the defendant, is insufficient to establish the fact of partnership on a bill for an accounting: Mason v. Smith, 200 Pa. 270.

OPINION BY MR. JUSTICE MESTREZAT, February 26, 1906:

James Herbert Stitzer, the plaintiff and appellant, is a civil engineer, and in the early part of 1903 was in the employ of the city of Philadelphia. Edward F. Fonder, the defendant and appellee, is a contractor, and in 1903 and prior thereto had taken contracts for municipal work from the city of Philadelphia. By a contract in writing, dated April 27, 1903, entered into by

the appellant and appellee, it was agreed: "That the said Fonder and the said Stitzer hereby mutually agree that they will together enter into certain contracts for municipal and government work, etc., and for the said certain contracts that they shall together enter into, the said Fonder shall advance all the moneys required, and the said Stitzer, in lieu of advancing money, shall devote his entire time and his best services to the execution of the work thereupon. That the said Stitzer shall receive during the continuance of this agreement the sum of one hundred dollars ($100) per month as compensation for his services; and, after all bills for material, labor, etc., have been paid, the said Stitzer in addition to said compensation shall receive for the first year ten per cent (10%), and for the second and subsequent years twenty per cent (20%) of the actual profits accruing from the business arising from said certain contracts that he and the said Fonder have mutually agreed to enter into as aforesaid." The agreement also provided that it could be terminated at the expiration of any one year by either party giving to the other thirty days' notice. On March 24, 1905, the appellee sent a communication to the appellant notifying him that on and after April 27, 1905, the agreement, "in which you were to receive a commission on certain contracts," would cease and be considered as terminated on that date.

This bill was filed by the appellant setting up the contract, alleging that he had performed his part thereof and averring that he had not received his share of the profits thereunder, and praying for an accounting and discovery. The bill sets out the agreement at length and the notice of the appellee of its termination, avers that during the continuance of the agreement that the appellant devoted his entire time and his best services to the execution of the work upon contracts obtained for the joint benefit of the parties, that a large number of contracts were obtained which were taken in the name of the appellee and his company, that he received from the profits of these contracts $100 per month, part of his compensation mentioned in the agreement between him and the appellee, that the profits of the first year were little but for the second year would amount, in the belief of the appellant, to more than $40,000, and that all the assets and moneys belonging to the

parties are in the hands of the appellee, who refuses to account to the appellant for the amount due him.

The appellee filed an answer in which he admits the execution of the agreement in question, denies that there was any partnership between him and the appellant, alleges that it was the intention of the parties to enter into an agreement whereby the appellant should solicit work for the construction of underground conduits, sewers and drains, and for any and all contracts for the said work so secured by the appellant he and the appellee should enter into a contract for the construction of the said underground conduits, sewers and drains on the terms and conditions set forth in the agreement of April 27. The answer further denies that during the existence of the agreement there were any contracts for the construction of underground conduits, sewers and drains obtained by the parties, and denies that the appellant devoted his time and services to the execution of work upon such contracts. The answer admits that the appellee and his company obtained a large number of contracts for general construction work during the continuance of the contract. It denies that the appellant received $100 per month from the profits arising from any contract entered into in the name of the appellee or his company, but admits that he was paid that sum as compensation for his services as an engineer until March 24, 1905. It avers that the agreement of April 27, contemplated the payment of profits only on contracts for underground conduits, sewers and drains, but alleges that no contracts for such work were obtained and that no profits were realized from such contracts.

After the testimony of the appellant had been heard on the trial in the court below, the learned judge granted a motion to dismiss the bill. Subsequently the appellant moved the court to change and vacate the motion or decree of dismissal, which was refused. The trial judge held that the agreement, if a partnership at all, applied only to contracts that the parties jointly entered into, that the evidence failed to disclose that they entered into any contracts jointly, and therefore the bill should be dismissed. In concluding his opinion he says : " Applying that contract to the testimony here, there have appeared no contracts that they have jointly entered into or that they have together entered into, and I think the fact that Mr. Stit-

zer did work in preparing estimates for contracts that were entered into by Mr. Fonder alone, or Mr. Fonder in connection with Mr. Stulb, or that he even assisted or supervised work done under those contracts, as his testimony shows he did, does not, I think, bring him in the position to claim that he was a partner under this agreement to those contracts."

We do not agree with the learned trial judge in his construction of the agreement of April 27, 1903. We think it was error to hold that the plaintiff was only entitled to recover a share of the profits on contracts which he and the appellee had taken in their joint names. This error permeated the whole case and necessarily led the trial judge to a wrong conclusion. The agreement in question does not provide in terms or inferentially that the contracts in which the parties were to be jointly interested should be taken in their joint names. On the contrary, we think it clear that the test whether a contract was to be regarded as joint and as having been entered into by the parties, was whether " Fonder shall advance all the moneys required and the said Stitzer, in lieu of advancing money, shall devote his entire time and his best services to the execution of the work thereupon." Such is clearly the criterion of a joint contract established by the agreement itself. Any and all such contracts taken during the continuance of the agreement of April 27 were covered by the terms of that agreement, regardless of whether they were taken in the names of Stitzer and Fonder or in the name of either of the parties, or were taken by Fonder in the name of another party. On all such contracts Stitzer was entitled to receive $100 per month and, in addition thereto, for the first year, ten per cent, and for the subsequent years, during the life of the contract, twenty per cent of the net profits accruing from the business.

It is clear from the terms of the agreement that whatever contracts were taken by Fonder on which he paid Stitzer $100 per month for his services, the latter is entitled to his percentage of the actual net profits accruing therefrom. The agreement provides that Stitzer shall receive $100 per month as compensation for his services, and in addition thereto a percentage of the profits. During the life of the agreement Stitzer was to " devote his entire time and his best services to the

execution of the work" upon the contracts taken in pursuance of the agreement. Hence all contracts to the work on which he devoted his time and services, and for which he received $100 compensation per month, must clearly be regarded as joint contracts, the net profits of which Stitzer is entitled to share in as additional compensation for his services.

Under our interpretation of the agreement of April 27, 1903, the appellant was clearly entitled to the relief he asked for. The material averments of the bill were not denied by the answer. The rights of the parties are to be determined by the written contract. The appellee does not allege fraud, accident or mistake, and hence the parties are bound by the contract as it is written. ' The answer admits the execution of the contract, but avers that, "the said agreement of April 27, 1903, between the said Stitzer and myself contemplated the payment of the said profits only on contracts for underground conduits, sewers and drains," and denies that any contracts for the construction of any such work were secured or entered into by Stitzer, or that appellee ever received any profits realized from contracts for the construction of such work. The interpretation thus put upon the agreement by the appellee is at variance, not only with its language but also with the manifest intention of the parties as disclosed by the instrument. There is nothing whatever in the agreement to show that the contracts contemplated by it were confined to the construction of underground conduits, sewers and drains. On the contrary, the agreement contemplated and included, using its own language, " contracts for municipal and government work," etc., and the appellant was entitled by its terms to participate in the net profits of all such contracts in which " the said Fonder shall advance all the moneys required, and the said Stitzer, in lieu of advancing money, shall devote his entire time and his best services to the construction of the work thereupon." Every contract brought within these limitations is a contract which the parties "together enter into " in contemplation of the agreement of April 27.

It will be observed that the appellee in his answer does not deny that he received profits from " contracts from municipal and government work," etc., but simply confines his denial to profits received from contracts entered into for the construc-

tion of underground conduits, sewers and drains. The plaintiff in his bill does not claim profits from contracts of that character, and hence such denial is not responsive to the bill. The whole defense of the appellee, as set up in his answer, is confined to the allegation that the contracts in which the parties were to be jointly interested, in contemplation of their agreement, were contracts for the construction of underground conduits, sewers and drains, and the denial that any such contracts were entered into by the parties or that any profits were realized from such contracts. The answer is based upon an entirely erroneous construction of the agreement of April 27, and does not meet the allegations of the bill.

It follows from what has been said that the learned trial judge of the court below, on the trial of the cause, erred in granting the motion to dismiss the bill. There was no responsive answer to the material allegations of the bill on which the plaintiff was entitled to the relief he sought. The contract was in writing and was for the court to interpret. Under a proper interpretation of the agreement, the material averments of the bill not being denied by the answer, the appellant was entitled to an accounting for all contracts entered into in pursuance of the agreement for "municipal and government work," etc. We need not discuss or determine the effect on the trial of the cause of a responsive answer to the bill because, as we have seen, the appellee here did not deny but admitted the agreement as set out in the bill, and set up an erroneous interpretation of the contract and denied that he was in fault under that construction of the agreement.

The learned court below, as we understand its rulings, held that the contract between the parties created a partnership. Be that as it may, it was at least a joint venture in which there were accounts on both sides, and in which the relief at law would have been inadequate. By the terms of the agreement the appellee was to "advance all the moneys required" in the venture, and, on the other hand, the appellant was, "in lieu of advancing money," to devote his entire time and his best services. It is apparent, therefore, that both parties had an account, or, in other words, there was an account on each side. The venture was not a single transaction, but applied to all contracts secured and entered into within two years,

the life of the agreement. The averments of the bill show that there were many contracts taken, and the appellee should account for the net profits derived from each and all of them. Appellant's percentage of the profits is to be computed, not upon the entire gains accruing from the business, but only on those which remained after deducting " all bills for material, labor," etc. An accounting is therefore necessary to ascertain the amount of net profits in the various transactions which the appellant is entitled to. The bill not only prays for an accounting but also for discovery. In such cases, even where the accounts are all on one side, a bill will lie : Gloninger v. Hazard, 42 Pa. 389. It was held in Oil Well Packer Company's Appeal, 128 Pa. 421, that a bill would lie for an accounting where the relation was one of licensor and licensee. Mr. Justice GREEN, delivering the opinion, said (p. 427) : " Undoubtedly, equity has jurisdiction, whether the relation established by the contract be one of partnership or merely one of licensor and licensee. Mutual duties of accounting, under the contract, are imposed upon both parties ; and, as the accounts are continuing and not single or simple, that circumstance is alone sufficient to bring the case within equitable cognizance."

In so far as the books in the possession of the appellee contain the contracts secured and entered into in pursuance of the agreement of April 27, or the accounts of transactions arising out of such contracts, they were admissible as evidence for the appellant. The testimony shows that the books were procured for the purpose of keeping the accounts of the transactions of the joint business, that such accounts were entered in them, not only by the appellant but by the appellee's son, and that the appellee was familiar with the books. The appellant testified that three months after he and the appellee had entered into their agreement, he bought the books and started to enter the accounts of these transactions. The books, therefore, were procured and opened by the parties for the purpose of keeping their joint accounts in them. The appellant has no right to have, nor does he ask, for books containing solely the private accounts of the appellee, but he and the appellee, having established a joint business venture he has a right to demand of the

appellee the production of the books containing the accounts of the venture.

The decree of the court below is reversed, and the bill is directed to be reinstated with a procedendo.