# Daniels, Appellant, *v.* Lehigh Portland Cement Co.

*Lease — Quarry lease — Construction —Condition —Connection with antecedent words—Sale of mineral in place.*

1. In construing a contract every part must be taken into consideration and given effect if possible.

2. Where a condition is inserted in a contract, it will be held to apply to the antecedent words with which it is connected, unless a contrary intention appears.

3. Where a quarry lease granted for a term of years the right to take possession of all the limestone under the land, with the right to remove the same, and provided that the lessee should pay a royalty of five cents a ton for each ton removed, with a minimum royalty where stone could be obtained of fourteen feet in thickness without taking any more than fifteen feet of dirt "so the lessee shall not in any event be required to pay for any limestone which cannot be obtained by stripping a depth which shall be in proportion to the thickness of limestone uncovered thereby as fifteen feet is to fourteen feet," the lessee could not be compelled to quarry where the relative thickness did not exist, or, if he did so, need not pay unless he removed the material so secured, in which case he was liable at the rate of five cents for each ton removed.

4. If the agreement constituted a sale of the stone in place, nevertheless the lessee was liable for the mineral taken under the wording of the contract in question.

Argued October 6, 1924. Appeal, No. 38, Oct. T., 1924, by plaintiff, from judgment of C. P. Lawrence Co., Sept. T., 1920, No. 117, for defendant n. o. v., in case of Jesse R. Daniels, administrator of estate of William Daniels, deceased, v. Lehigh Portland Cement Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Assumpsit for royalties. Before EMERY, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $28,868.68.

Judgment for defendant n. o. v. Plaintiff appealed.

*Error assigned* was judgment n. o. v., quoting it.

*A. M. Henderson,* with him *F. R. Hahn,* of Youngstown, Ohio, and *C. W. Fenton,* for appellant, cited, on construction of the terms of the lease: Girard Trust Co. v. Delaware & Hudson Co., 246 Pa. 161.

*J. Norman Martin,* of *Martin & Martin,* for appellee.

OPINION BY MR. JUSTICE SADLER, November 24, 1924:
William Daniels, now deceased, was the owner of a tract of land containing a deposit of limestone. On February 13, 1901, he entered into a written agreement with one James Nevin by which there was granted to the latter, his heirs and assigns, for the term of eighteen years, "the full, free, uninterrupted and exclusive right and privilege to enter upon the land and take possession of all limestone which may be found upon, in and under that certain tract of land [describing it] and to quarry, mine, remove, market and dispose of [the same] during said term." As a consideration, it was agreed that certain rents and royalties should be paid.

This contract was assigned later to the Lehigh Portland Cement Company, defendant here, and it took possession, constructing the railroad necessary for operating the plant. It paid the price agreed upon for all stone removed until 1910, taking appropriate receipts. Thereafter, until the expiration of the term fixed in the agreement, additional payments were made covering amounts admittedly due, but not recognized as settlements in full to the respective dates. This suit was brought to recover royalties for the total number of tons of stone mined and actually taken away during the period in question, credit being given for the sums advanced. All of the essential facts were agreed upon, and placed upon the record. The defendant insisted that it owed nothing, contending that the rental fixed was payable under the agreement only under certain conditions, which had not been met, and that it had liquidated all just demands. If the claim of the plaintiff is sustained,

he is entitled to recover $28,868.68; otherwise a finding for the defendant was proper. The controversy was submitted to the jury, which rendered a verdict for the amount demanded. Judgment non obstante veredicto was subsequently entered, and this appeal followed.

The correctness of the decision reached depends on the proper construction of that paragraph of the written contract which reads as follows: "Said party of the second part further agrees to pay said party of the first part, his heirs, executors, administrators or assigns, five cents royalty for each and every ton of twenty-two hundred and forty (2,240) pounds of limestone quarried and removed from said land during said term, and to pay for not less than ten thousand (10,000) tons of limestone each year, provided that amount can be obtained on said land without being obliged to strip and remove more than fifteen (15) feet of dirt, clay or other material from the upper surface of the limestone where the bed of the limestone worked lies in place is fourteen (14) feet thick or more, and a proportionate amount less in depth of stripping where the said limestone worked in place is less than fourteen feet thick, so the second party, his heirs or assigns, shall not in any event be required to pay for any limestone which cannot be obtained by stripping a depth which shall be in proportion to the thickness of limestone uncovered thereby as fifteen feet is to fourteen feet." The sentence following also refers to minimum royalties.

It will be noticed, provision is thus made (1) for the payment of a fixed sum for such stone as is mined and taken away, and (2) a minimum royalty on 10,000 tons where stone can be obtained of fourteen feet in thickness, without taking away more than fifteen feet of dirt, or of less thickness where a smaller top covering is removed. The learned court below was of opinion that the last phrase in the portion of the written agreement quoted, beginning with the word "so," applied to any rental or royalty payment, and that no liability existed,

though stone was actually "quarried and removed" unless it further appeared there was a relation between the thickness of vein and stripping of fifteen to fourteen. It read the portion of the sentence referred to as if it followed the clause fixing the compensation when stone was taken, and declined to give effect to the provision that five cents was to be paid for "each and every ton" removed.

An examination of the context of the agreement shows the limiting clause to apply to the obligation to pay a minimum royalty on ten thousand tons. If this amount was not obtainable under the conditions laid down, then the defendant was relieved from making the stipulated payment. Evidently the parties had in mind that there should be no compensation where no product could be secured except at a prohibitive cost, and therefore provided for the relief of the grantee from liability in such instance. Stipulation was made, however, for a five-cent allowance, where actual quarrying and removal occurred. It would be a strained construction to say, if the defendant saw fit to mine, where the thickness of top covering and layer of stone were not within the fixed proportion, it could remove that procured, and appropriate it to its own use without any return whatever.

The words preceding the restriction of liability refer clearly to the minimum royalty, as do those which follow, and there is no justification for wresting the clause referred to from its given position, and considering it as if also inserted after the first portion of the sentence, which fixes responsibility where any stone is quarried and removed. There is no allegation of any fraud, accident or mistake, and the contract must be construed as written (Stitzer v. Fonder, 214 Pa. 117), and, if possible, all of its provisions be enforced: Vulcanite Paving Co. v. Phila., 239 Pa. 524; Harrity v. Trust Co., 280 Pa. 237. Each and every part must be taken into consideration, and given effect if possible (Knickerbocker Trust Co. v. Ryan, 227 Pa. 245; Advanced Industrial Supply Co.

v. Eagle Metallic Copper Co., 267 Pa. 15; Heningkamp v.
Coal Co., 274 Pa. 186), and a condition inserted will
be held to apply to the antecedent words with which
it is connected, unless a contrary intention appears:
Edelman v. Yeakel, 27 Pa. 26; Cleveland & W. Coal Co.
v. Cyclops Steel Co., 278 Pa. 346. If the particular
clause in question, exempting from liability in certain
cases, be held to relate to minimum royalties alone, as is
apparent from a reading of the whole paragraph, then
the provision for payment for stone taken can likewise
be given effect. The contract should be so interpreted
as to give force to both provisions for rentals, and par-
ticularly so when this is the reasonable explanation of
the words employed: Heningkamp v. Valley Smokeless
Coal Co., supra. The application of these principles to
the writing now under consideration leads to the conclu-
sion that the right to payment for stone actually quar-
ried and removed existed, though not obtained within
the depths to be considered in determining whether a
minimum charge was allowable.

The defendant insists that it is entitled to judgment,
since this stone, which it took, was mined where the
stripping and width of vein were not in the proportion re-
ferred to in the contract, and the statement of agreed
facts sets forth that the tonnage unpaid since 1910 was
entirely within this class. It contends that the arrange-
ment between the parties constituted a sale of the mineral
in place, thereby making the grantee owner of all the
stone, subject to pay under the circumstances provided
for, and none other. If the contract had the effect sug-
gested (Hosack v. Crill, 204 Pa. 97; Robinson v. Pierce,
278 Pa. 372; Gardner's Est., 199 Pa. 524), the duty to
recompense is confined to the kind of material specially
designated by the parties, as where provision is made
to pay royalties for that passing through a screen of a
certain size: Johnston v. Filer, 201 Pa. 60; Dunham v.
Haggerty, 110 Pa. 560; Wright v. Warrior Run Coal
Co., 182 Pa. 514; Lance v. L. & W. Coal Co., 163 Pa. 84.

But the rule insisted on does not relieve the lessee from liability for mineral taken, when payment was evidently contemplated by the contract: Mercer Mining Co. v. McKee, 77 Pa. 170; see, also, Girard Trust Co. v. D. & H. Company, 246 Pa. 161. In the instant case, the parties fixed a definite rate of compensation for stone removed, and for the payment of a minimum royalty, under certain conditions. It could not be compelled to quarry where the relative thickness did not exist (Holt v. Kelley, 224 Pa. 620), or, if it did so, need not pay, unless it removed the material so secured. When, however, the stone was taken away, it became liable to compensate at the rate of five cents for each ton, and in holding to the contrary there was error.

The assignment of error is sustained, judgment is reversed, and the record is remitted to the court below with direction to enter judgment for the plaintiff for the amount of the verdict.