## Prosak v. Motts

*Jerome E. Brose* and *George T. Robinson*, for plaintiff.

*James C. Scanlon*, for defendants.

DAVIS, P. J., December 30, 1955.—This matter is before the court on preliminary objections to complaint in assumpsit by a real estate broker to recover commission for sale of real estate to a party not procured by the broker, during the time a written agreement hereinafter set forth was in effect. The complaint does not aver the buyer was not procured by plaintiff, but plaintiff in his brief says: "We admit the buyers were not interested by the plaintiff."

The first objection is based on plaintiff's failure to register the carrying on of a business under a fictitious name in accordance with the Act of May 24, 1945, P. L. 967, 54 PS §20.1. Plaintiff admits that at the time the action was instituted he had not complied with the statute. However, on hearing plaintiff testified that at the time the agreement was entered into he informed defendants that he was the only person interested in the Prosak Realty Co. and this statement was not contradicted by defendants. These facts bring this case within the doctrine of Ross v. McMillan, 172 Pa. Superior Ct. 298, wherein the

court held that where defendant admitted that he had full knowledge of the true identity of the persons comprising the entity which was subject to, but not registered under, the Fictitious Names Act of May 24, 1945, P. L. 967, he is estopped from denying their right to sue or recover. The objection will be dismissed.

The other objection is in the nature of a demurrer based on the following reasons:

1. The real estate referred to in the complaint is insufficiently described in the agreement attached to the complaint to permit the bringing of action upon said agreement.

2. The agreement attached to said complaint provides for payment of a commission only upon a sale being made to a client interested by the Prosak Realty Co., and it is not averred in said complaint that any such sale was made.

3. The complaint does not set forth an enforceable cause of action.

The written contract pleaded in the complaint describes the property as follows:

". . . the motels one house described on the back of this agreement and located at No. ——— Street, in the ———————, County of *Monroe* and State
     city or town
of *Pa.*"

The back of the agreement contains no description of any kind. While the description is meagre we believe it sufficient to sustain the action at this point in the proceedings. If there is a dispute as to what property was listed for sale it could be raised in the answer.

Reasons 2 and 3 present a more serious problem. The ineptitude of the contract requires that it be set forth in full herein in order to understand any discussion relating thereto. It is as follows:

"COMMISSION AGREEMENT FOR SALE OR LEASE OF REAL ESTATE

"*We* hereby authorize Prosak Realty Company, *Prosak Realty Co., 52 So. 4th St., Easton, Pa.,* for a period of *365* days, and so long thereafter until cancelled by *us* by written notice of *30* days, to offer for *Sale* for the sum of *Thirty Four Thousand $34,000* Dollars, giving to the said Prosak Realty Company *Prosak Realty Co.* the exclusive right to *sell* the *motels one house* described on the back of this agreement and located at No. ——— Street, in the ————— of city or town ——————, County of *Monroe* and State of *Pa.* ——— also agree to pay to the said Prosak Realty Company *their* heirs or assigns a commission of *10%* percent on account of said *purchase* accepted by *us* for said *Sale* if at any time hereafter a *Sale* is made to client interest by the said Prosak Realty Company *Prosak Realty Co.*

"*Our* title is marketable, and in the event of a sale, general warranty deed will be given. Included with property in sale: *Motels all furnished with gas heating unit.*

"IN WITNESS WHEREOF *we* have hereunto set *our* hand and seal the *24th* day of *Sept.,* A. D. 1954.

"/s/ CLAUDE MOTTS (Seal)
"In the presence of "/s/ MARY K. MOTTS (Seal)
"/s/ SAMUEL PROSAK "Address *Brodheadsville, Pa.*
"*Box 32*"

At the hearing on these preliminary objections plaintiff testified that the contract was prepared on a printed form supplied by him. Therefore, if the construction is at all doubtful it must be construed most strongly against him: Johnson v. Ritter, 111 Pa. Superior Ct. 482, 484, and cases therein cited.

A rule of construction applicable to this type of contract was set forth in Schnee et al. v. Elston et ux., 299 Pa. 100, 106, as follows:

". . . all contracts must be construed with reference to their subject-matter and obvious purpose, and, however general the language may be, their scope and effect are necessarily limited and controlled thereby; ex antecedentibus et consequentibus fit optima interpretatio; . . ."

Also see Fisher's Estate, 302 Pa. 516, 525, and in Byrne v. Bushkoff, 177 Pa. Superior Ct. 101, 103, as follows:

"In construing a contract every part must be taken into consideration and given effect if possible: *Daniels v. Lehigh Portland Cement Co.*, 281 Pa. 353, 126 A. 761. The words used must be given their ordinary meaning: *Paull v. Pivar*, 161 Pa. Superior Ct. 233, 53 A. 2d 826."

It is important to bear in mind the distinction between an exclusive agency to sell wherein the owner has the right to sell and the broker is not entitled to a commission and an exclusive right to sell wherein the broker is entitled to his commission if the owner sells.

"It is contended that appellant was constituted the exclusive agent of appellee to sell his hotel property and that any sale made while the contract of exclusive agency remained in force, either through the efforts of the broker or by the principal, entitles the broker to recover his commission although he was not instrumental in effecting the sale. In some jurisdictions the rule does seem to be laid down as broadly as above stated, but this is not the law in Pennsylvania. It is true in some of our cases, where the parties had executed a contract in which it was expressly covenanted that the broker should be paid a stipulated

commission in the event of a sale within the time specified no matter whether it was effected by the broker, or by the principal, or by any other person, it was held that the commission could be recovered when the sale was made and that it was immaterial who made it. These cases announce no new rule of law. They are simply declaratory of a fundamental maxim which is that parties are bound by the terms of their own contract. If an owner of real estate chooses to make a contract with a broker in which it is stipulated that the broker shall have the exclusive right to sell the property within a specified time and that he shall be entitled to receive a certain commission if a sale be made within the time designated, no matter who makes it, he is bound by its terms and cannot be relieved from a bad bargain because his agreement may have been foolish or improvident. Our cases have gone thus far and no farther": Turner v. Baker, 225 Pa. 359, 361, 362 (1909).

This case was followed in Szemis v. Szlachta, 172 Pa. Superior Ct. 351, and Byrne v. Bushkoff, supra.

In the light of these legal principles we proceed to an examination of the contract.

The broker's right to deal with defendants' real estate are limited to the rights given in the contract. The broker was first given the right to offer the property for sale. It was not an exclusive right. The owners in no way abridged their right to offer the property for sale. If the owners retained the right to offer for sale the only sensible, and in fact, necessary implication is that they retained the right to sell. However, immediately following the authorization to offer for sale we find these words, "giving to the said [broker] the exclusive right to sell." Unquestionably this last phrase creates a conflict and makes the meaning doubtful. We must resolve this conflict most strongly against plaintiff.

Plaintiff argues that the contract is twofold, that the first paragraph deals with a sale of the property while the agreement is in effect and the second paragraph with a sale after the contract has expired but to someone who has been interested by the broker during the existence of the contract. If we adopt plaintiff's theory then the contract does not provide for any commission on a sale during the life of the contract. At best plaintiff would be left to an action in quantum meruit. However, the complaint is on the contract demanding 10 percent of the sale price.

It is interesting to note that in all of the cases holding that an "exclusive right to sell" was created a definite commission was fixed in event of sale.

If this contract is to be construed to provide for a definite commission in event of a sale during the life of the contract then we must consider the first and second paragraphs together. To us it is inconceivable that a broker would submit a contract that did not fix a commission on a sale during the life of the contract, and at the same time did fix a commission for a sale after the contract had expired. This is particularly true where the broker's own printed contract is used.

When we consider the second paragraph in connection with the first paragraph, as we must do, the light of the second paragraph permeates the haze of the first. It provides the owners agree to pay a 10 percent commission to the broker "if at any time hereafter" (obviously the date of the contract) a sale is made to a client interested by the broker. This interpretation fixes a commission in the event a sale is made according to the terms of the contract during its life. Giving consideration to the entire contract we find the writing does not constitute an "exclusive right to sell" contract. Since plaintiff admits he did not interest the buyer in the purchase he is not entitled to recover.

It might be questioned whether or not the writing was not designed to sound in "exclusive agency" and have the legal import of "exclusive right to sell".

The demurrer will be sustained.

And now, December 30, 1955, preliminary objection in the nature of a petition raising the defense of lack of capacity to sue is dismissed; the demurrer is sustained and complaint is dismissed.