# Owens v. Wehrle.

*Contract—Consideration—Real estate broker—Sale by another person.*

The courts do not sit to relieve suitors from the results of improvident agreements and the consequences of bad bargains.

By a contract under seal the owner of real estate agreed to pay to a real estate broker a commission if property recited be sold within a stipulated time, either by the broker or any other person. *Held*, that even in the absence of proof that the plaintiff made an effort to sell the property the suggestion of defense arising by reason of lack of consideration is met by the presence of a seal to the agreement importing consideration.

Argued April 26, 1900. Appeal, No. 120, April T., 1900, by defendant, in suit of George T. Owens against F. J. Wehrle, from judgment of C. P. No. 3, Allegheny Co., May T., 1899, No. 121, on verdict for plaintiff. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed. Opinion by W. W. PORTER, J.

Assumpsit. Before KENNEDY, P. J.

It appears from the evidence that plaintiff, a real estate broker, brought suit to recover his commissions on an agreement under seal which provided, inter alia, as follows : " And in case a sale is affected through the above agent or any other person, or within the time specified, I agree to pay the said George T. Owens a commission of five per cent on the full amount of the same and to pay the same out of the first money received by me." There was no proof of any services of any nature performed by the plaintiff who rested his claim on the words of the instrument sued upon. The court below directed a verdict for plaintiff.

Verdict and judgment for plaintiff for $436.28. Defendant appealed.

*Error assigned* was in directing a verdict for plaintiff.

*F. P. Sproul*, with him *Thomas M. Marshall, Jr.*, for appellant.

*Nelson McVicar*, for appellee.

OPINION BY WILLIAM W. PORTER, J., July 26, 1900:

The defendant, desiring to sell a piece of real estate, signed and sealed a paper containing a condensed description of the property and the following agreement: "It is hereby agreed that I, F. J. Wehrle, place the above described property in the hands of George T. Owens for the period of twelve months from this date, May 31, 1898, and do empower the said George T. Owens to act as my agent in the sale of the same; and in case a sale is effected through the above agent, or any other person, or within the time specified, I agree to pay the said George T. Owens commission of five per cent on the full amount of sale, and to pay the same out of the first money received by me."

On the trial of the case, in accordance with the local practice, the plaintiff offered in evidence the averments of fact, not denied by the affidavit of defense. These included the execution of the agreement; that a sale was made by the plaintiff, or by some other person, and within twelve months of the date of the agreement; that the land was sold for $8,350, on January 26, 1899, and that the defendant has received more of the purchase money than the amount due the plaintiff on the sale.

The defendant offered no evidence whatever. The question for the court below thus became one of construction of the written agreement. Holding the defendant to be bound, a verdict was directed for the plaintiff for the amount of his claim, based on five per centum of the amount for which the property was sold. The substance of the defendant's contention is that the true construction of the writing is that the plaintiff was to be paid, provided he effected the sale; and that failing to show that he had done so, it was not sufficient

to aver that it was effected through the plaintiff, " or by some other person."

In the affidavit of defense there are allegations made that the contract in suit was procured by improper means. But no attempt was made to prove these allegations. Of course, had fraud been shown in the procurement of the contract, a different case would have been presented. This not appearing, we have before us a written agreement, which is not ambiguous in its terms, which is not susceptible of more than one meaning, namely, that should the defendant's property be sold during the time limited, by the plaintiff or by any one else, the plaintiff should receive a certain sum of money, measured by a per centum of the price received. If it be said that the contract, thus read, bears hardly on the defendant, the reply is that courts do not sit to relieve suitors from the results of improvident agreements, nor the consequences of bad bargains. It may be that the defendant made a foolish agreement. It may be also that the plaintiff, in the mind of the defendant at least, was worth as an agent the provision made for him. At all events, the provision was made, and, while it would seem, in the absence of proof that the plaintiff made effort to sell the property, that consideration was wanting, yet is the suggestion met by the presence of a seal to the agreement importing consideration: Geiselbrecht v. Geiselbrecht, 8 Pa. Superior Ct. 183.

This, as has been seen, is not the mere appointment of an agent. It is not merely the entry of a property with a real estate broker for sale on commission. It is a formal agreement under seal, whose terms we are asked to enforce. We are of opinion that the court below could not have done otherwise than direct a verdict for the plaintiff upon the case as it was presented before him.

Judgment affirmed.