# Dain v. Loeffler, Appellant.

*Master and servant—Contract to sell securities—Exclusive right to sell—Compensation—Written contract—Signature.*

In an action to recover compensation for the sale of securities—based upon a written agreement by which the defendants gave to the plaintiff "the exclusive option on the sale of all the stock for and during the term of ninety days from date," it is immaterial that the plaintiff did not formally sign the contract, if it appears that the defendants sign it, and that the plaintiff acted in concert with them in carrying out its provisions.

In such a case the plaintiff is entitled to recover compensation for all the stock sold, although the defendants may have voluntarily negotiated some of the sales within the term of ninety days provided in the agreement.

Argued May 3, 1916.  Appeal, No. 106, April T., 1916, by defendants, from judgment of C. P. Allegheny Co., July T., 1914, No. 1352, on verdict for plaintiff in case of

M. J. Dain v. R. W. Loeffler, et al. Before ORLADY, P. J., HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit for selling stock of the Sanitary Enameling Specialty Company. Before CARNAHAN, J.

At the trial it appeared that the suit was brought on a contract signed by the defendant, but not by the plaintiff. The material portion of the agreement is as follows:

"Now, this agreement witnesseth, That the parties of the first part agree to give the exclusive option on the sale of all stock of the said The Sanitary Enameling & Specialty Company for and during the term of ninety (90) days from date, and to pay to said second party a commission in cash of 10 per cent. on all stock sold during that time, provided that the sale of said stock shall not exceed 250 shares, when and in that case no commission shall be paid to the party of the second part for any stock sold over and above the above mentioned 250 shares, said commission to be due and payable upon the payment of each and every collection of the stock sold."

There was evidence that some of the sales of the stock were voluntarily negotiated by the defendants before the expiration of ninety days.

Verdict and judgment for plaintiff for $1,385.20. Defendant appealed.

*Errors assigned*, among others, were (1) in admitting in evidence the contract although not signed by plaintiff, and (2) in instructing the jury that the plaintiff was entitled to recover commissions on all stock sold during the period covered by the agreement, including stock sold by the defendants.

*Benjamin H. Thompson*, for appellants.—There is no mutuality in the alleged contract as the second party thereto (plaintiff herein) is under no obligation to do

anything: Hill v. Roderick, 4 W. & S. 221; Wolff v. Denbosky, 74 N. Y. Supp. 465.

Under a contract giving an exclusive right to sell a certain amount of stock, an agent is entitled to commissions on stock sold by the principal during the term of the contract: Ind. Road Mach. Co. v. Lebanon Carriage, Etc., Co., 78 S. W. 861; Turner v. Baker, 225 Pa. 359; Thompson v. Goldman, 41 Pa. Superior Ct. 209; Yerkes v. Osborne, 42 Pa. Superior Ct. 253; McMahan v. Burns, 216 Pa. 448; Golden Gate Packing Co. v. Farmers Union, 55 Cal. 606; Dole v. Sherwood, 41 Minn. 535; Ingold v. Symonds, 125 Iowa 82.

*Lowrie C. Barton,* for appellee.—While it is true appellee did not sign, nor seal, the agreement which is the bases of this suit, he accepted the same by acting under it until more stock than the block of 250 shares called for the agreement had been sold: Patton v. Hassinger, 69 Pa. 311; Flannery v. Dechert, 13 Pa. 504; Grove v. Hodges, 55 Pa. 504;

A broker having an "exclusive right to sell," would have the right to commissions, even if sold by the owner.

OPINION BY ORLADY, P. J., July 18, 1916:

The fact that the plaintiff did not formally sign the contract on which he relies, is not at all material. The defendants did sign it and the plaintiff acted in concert with them to carry out its provisions. The inducing clause recites, "The parties of the first part (defendants), are desirous of securing the services of the party of the second part (plaintiff), to dispose of certain blocks of stock," and concludes with the defendant's signatures, under seal. An original was delivered to the plaintiff, followed by his affirmative action in carrying out the provisions of the writing, and the defendants having received the fruits of his labor, in disposing of the stipulated securities, are not now in position to challenge the lack of his formal signature: Flannery v. Deckert,

13 Pa. 505; Patton v. Hassinger, 69 Pa. 311; Grove v. Hodges, 55 Pa. 504.

The disputed question of fact, as to the manner of performance of the plaintiff's part of the contract, were fully and clearly submitted to the jury, the court saying, "The burden is upon the plaintiff here to establish his case. If he has met that burden, he is entitled to recover according to the terms of this contract in writing. If he has not met that burden, he is not entitled to recover. If he had this contract with the party, and they understood he was working under it, and never gave him notice to the contrary, he would be entitled to recover." Whether he effected all the sales of stock is not controlling, as under the view taken by each of the parties it was an executed agreement, and the defendants having received the consideration they desired, through his services, could not interfere within the time as limited by the writing, to deprive him of his right to recover for the sales made, even though they voluntarily negotiated some of the sales, as they by their contract agreed "to give him the exclusive option on the sale of all the stock for and during the term of 90 days from date," and arranged for the method of his compensation.

The verdict was fully warranted by the evidence, and after a fair submission should not be disturbed.

The judgment is affirmed.