## Dain *v.* Loeffler et al., Appellants.

*Contracts—Options—Exclusive right of sale—Other sales during term of option—Right to commission.*

Where the owners of certain stock gave "the exclusive option on the sales of all stock of the said" company "for and during the term of ninety days from date and to pay the said second party a commission in cash of ten per cent. on all stock sold during such time," the holder of the option had the exclusive right to sell the stock and was entitled to recover commissions on sales effected by others as well as by himself during the period of the contract.

Argued Jan. 5, 1917. Appeal, No. 14, Oct. T., 1917, by defendants, from judgment of Superior Court., April T., 1916, No. 106, on verdict for plaintiff, in case of M. J. Dain v. R. W. Loeffler, Theo. Zund and Joseph Loeffler. Before BROWN, C. J., MESTREZAT, POTTER, STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Appeal from the Superior Court.

320 DAIN *v.* LOEFFLER et al., Appellants.

From the record it appeared that the agreement upon which the action was brought was as follows:

ARTICLES OF AGREEMENT,

Made and entered into this 4th day of February A. D., 1914, by and between R. W. Loeffler, Theo. Zund, and J. Loeffler, of New Kensington, Pennsylvania, parties of the first part, and M. J. Dain, of Pittsburgh, Pennsylvania, party of the second part.

Whereas, The parties of the first part are desirous of· securing the services of the party of the second part to dispose of certain blocks of the stock amounting to 250 shares of The Sanitary Enameling & Specialty Company, of New Kensington, Pa.

Now, This Agreement Witnesseth, That the parties of the first part agree to give the 'exclusive option on the sale of all stock of the said The Sanitary Enameling & Specialty Company for and during the term of ninety (90) days from date, and to pay to said second party a commission in cash of 10% on all stock sold during that time, provided that the sale of said stock shall not exceed 250 shares, when and in that case no commission shall be paid to the party of the second part for any stock sold over and above the above mentioned 250 shares, said commission to be due and payable upon the payment of each and every collection of the stock sold.

It is mutually agreed that all the covenants and agreements herein contained shall extend to and be obligatory upon the heirs, executors, administrators and assigns of the respective parties.

In Witness Whereof, The parties to these presents have hereunto set their hands and seals the day and year first above written.

WITNESS:

(Signed) R. W. LOEFFLER, [SEAL]
THEO. ZUND, [SEAL]
JOSEPH LOEFFLER, [SEAL]

In affirming judgment for plaintiff on verdict in his favor the Superior Court, ORLADY, J., filed the following opinion:

"The fact that the plaintiff did not formally sign the contract on which he relies, is not at all material. The defendants did sign it and the plaintiff acted in concert with them to carry out its provisions. The inducing clause recites, 'The parties of the first part (defendants), are desirous of securing the services of the party of the second part (plaintiff), to dispose of certain blocks of stock,' and concludes with the defendants' signatures, under seal. An original was delivered to the plaintiff, followed by his affirmative action in carrying out the provisions of the writing, and the defendants having the fruits of his labor, in disposing of the stipulated securities, are not now in position to challenge the lack of his formal signature: Flannery v. Dechert, 13 Pa. 505; Patton's Executor, v. Hassinger, 69 Pa. 311; Grove v. Hodges, 55 Pa. 504.

"The disputed question of fact, as to the manner of performance of the plaintiff's part of the contract, was fully and clearly submitted to the jury, the court saying: 'The burden is upon the plaintiff here to establish his case. If he has met that burden, he is entitled to recover according to the terms of this contract in writing. If he has not met that burden, he is not entitled to recover. If he had this contract with the party, and they understand he was working under it, and never gave him notice to the contrary, he would be entitled to recover.' Whether he effected all the sales of stock is not controlling, as under the view taken by each of the parties it was an executed agreement, and the defendants having received the consideration they desired, through his services, could not interfere within the time as limited by the writing, to deprive him of his right to recover for the sales made, even though they voluntarily negotiated some of the sales, as they by their contract agreed 'to give him the exclusive option on the sale of all the stock for and

during the term of 90 days from date,' and arranged for the method of his compensation.

"The verdict was fully warranted by the evidence, and after a fair submission should not be disturbed.

"The judgment is affirmed."

Verdict for plaintiff for $1,385.20 and judgment thereon. The Superior Court affirmed the judgment of the Common Pleas Court. Defendants appealed.

*Error assigned* was in affirming the judgment of the Court of Common Pleas.

*Leonard K. Guiler,* with him *Benjamin H. Thompson,* for appellants.

*Lowrie C. Barton,* for appellee.

PER CURIAM, January 15, 1917:

In their contract with the appellee the appellants did not, as they contend, constitute him merely their exclusive agent to sell the stock of the Sanitary Enameling & Specialty Company. An exclusive agency to sell is not the equivalent of an exclusive right to sell, but merely prohibits the appointment of another agency to sell. In this case plaintiff, under the words of his contract, had the exclusive right to sell for and during the term of ninety days, and Turner v. Baker, 225 Pa. 359, is not in conflict with the view entertained by the Superior Court.

Judgment affirmed.