## Sweeney and Clyde, Appellants, *v.* Berman.

*Contracts—Sale of real estate—Broker's commission—Right of recovery.*

A broker in a real estate transaction who produces a purchaser who buys the property in question, or is able and willing to do so, upon terms acceptable to the principal, has earned his commission and in such case the principal may not, pending the negotiations, escape liability for compensation by taking the matter into his own hands and completing the transactions personally.

Where, in an action for the recovery of commissions on a contract for the sale of real estate, it appeared that plaintiffs produced a purchaser, within the time during which they had exclusive control of the sale of the property, and that the purchaser was ready and able to buy, and that the failure to complete the sale was not because of the default of the agents or the purchaser, but because the owner sold to another purchaser within the time covered by the plaintiffs' contract, judgment should be entered for the plaintiffs.

In such case, an affidavit of defense is insufficient, which does not deny the averments of the statement of claim that the plaintiffs

were authorized to procure a purchaser for a set price, and that there is no denial that the person, with whom the agents contracted was a bona fide purchaser, ready and able to carry out his contracts.

Argued November 15, 1920.   Appeal, No. 236, Oct. T., 1920, by plaintiffs, from judgment of C. P. Delaware County, March T., 1919, No. 421, discharging rule for judgment for want of a sufficient affidavit of defense in the case of Frank G. Sweeney and Samuel D. Clyde, trading as Sweeney & Clyde, v. Frank Berman.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ.   Reversed.

Assumpsit to recover commissions on contract for the sale of real estate.   Before BROOMALL, J.

Rule for judgment for want of a sufficient affidavit of defense.

The facts are stated in the opinion of the Superior Court.

The court discharged the rule.   Plaintiffs appealed.

*Error assigned* was the order of the court.

*Albert Dutton McDade,* for appellant.—The affidavits of defense were insufficient as the plaintiffs were entitled to recover because the sale was the result of their efforts: Kiefer v. Yoder, 198 Pa. 308; Speer v. Benedum-Trees Oil Co., 239 Pa. 180; McNelis v. Ellwanger and Lentz et al., 72 Pa. Superior Ct. 35; Com. v. Terry, 11 Pa. Superior Ct. 547; Nock v. Guthrie, 239 Pa. 320; Spiess v. Ford, 71 Pa. Superior Ct. 210; Musser v. Trout, 28 D. R. 57.

*W. S. Sykes,* for appellee, cited: 19 Corpus Juris, page 1017; Miller et al. v. Hays & McCrea, 71 Pa. Superior Ct. 523; Affrime et al. v. Mandel et al., 267 Pa. 389.

OPINION BY HENDERSON, J., March 5, 1921:

This is an action for the recovery of commissions on a contract for the sale of real estate. By agreement in writing under seal, dated December 3, 1918, as set forth in the statement of claim, the defendant constituted the plaintiffs agents to sell the real estate therein described, for which services he agreed to pay them two per cent of the gross consideration when a sale or exchange was effected. The owner reserved the right to withdraw the property from the agents at any time after three months by giving thirty days' notice in writing. Within the time stated in the agreement, plaintiffs procured a purchaser for the property, who entered into a contract in writing for its purchase, for the sum of $32,500; that being the minimum price fixed in the contract. The statement of claim sets forth that the purchaser is fully able and willing to carry out the terms of the contract, and tendered a deed and legal tender for the purchase money to complete the sale, in full compliance with the terms of the contract, which price and terms were approved by the defendant. The affidavit of defense denies that the plaintiffs had authority to enter into the contract of sale, that it contains the clause, "price and terms subject to the approval of the owner," and that it was not under seal. The learned trial judge in disposing of the rule for judgment said that nothing is stated in the writing about the price at which the property is to be sold. He did not overlook the stipulation in the agreement, "Lowest price, $32,500," but said there is nothing in the plaintiffs' statement of claim to show how the defendant is committed to this clause. It will be seen, however, on inspection of the plaintiffs' contract that they are made exclusive agents for the sale of the property "as described on other side." That has evident reference to the description of the property in the respect set forth in the contract. It will be noticed, too, that there is no denial by the defendant that that was the price named by him when he dealt with the plaintiffs.

We find no contradiction therefore of the averment of the plaintiffs·as set forth in the statement of claim that they were authorized to procure a purchaser for the property for the sum of $32,500. There is no denial that the person with whom the agents contracted was a bona fide buyer, ready and able to carry out his contract. That the contract pleaded would have bound the purchaser does not seem to be doubtful: Baum et al. v. Du-Bois, 43 Pa. 260. The learned judge of the court below correctly stated that under his contract with the agents, the owner would be bound to interpose no obstacle to prevent a sale; that the object of the contract being to effect a sale, the owner would not be at liberty to prevent one; the owner could not capriciously refuse to approve the sale, but that he would have a right to refuse in good faith. As the sale was made, however, in accordance with the terms set forth in the contract with the plaintiffs, we think there is a presumption that the refusal to accept his own terms was unwarrantable. But accepting the view of the learned judge, it appears in the plaintiffs' replication to the affidavit of defense that the defendant himself sold the property to another purchaser for the sum of $35,000. Although the contract provided for the payment of commission when a sale was effected, the owner could not defeat the right of the agent to the commission by arbitrarily declining to approve a contract for the sale and selling the property to another purchaser. As it is not denied that the plaintiffs produced a purchaser within the time during which they had exclusive control of the sale of the property, and that the purchaser was ready and able to buy, and that the failure to complete the sale was not because of the default of the agents or the purchaser, but because the owner sold to another purchaser within the time covered by the plaintiffs' contract, we think it should be held that the plaintiffs' cause of action is made out. The rule is well established that where a broker produces a purchaser who buys the property in

question, or is able and willing to do so upon terms acceptable to the principal, he has earned his commission, and in such case the principal may not, pending the negotiations, escape liability for compensation by taking the matter into his own hands and completing the transactions personally: Kifer v. Yoder, 198 Pa. 308; Mitchell v. Baldwin L. Works, 265 Pa. 157. We are constrained to hold therefore that on the case presented and the pleadings, the plaintiffs were entitled to a judgment on the rule for judgment for want of a sufficient affidavit of defense.

The judgment is reversed and the record remitted to the court below with direction to make the rule absolute unless other cause be shown to the contrary.