## Van Pelt et al., Appellants, *v.* Casaccio et al.

*Brokers—Real estate broker—Exclusive right of sale—Evidence—Sufficiency.*

In an action to recover commissions on the sale of real estate for which the plaintiff claimed the exclusive right of sale, and which was sold by a broker other than the plaintiff, a non suit was properly entered, where the only evidence in support of the

contract was the statement of one of the defendants, to one of the plaintiffs, to the effect that the plaintiff had always represented him and that he wanted the plaintiff to continue to do so.

A broker can acquire an exclusive right of sale only by a contract in unequivocal terms, expressed or necessarily implied.

Argued Oct. 13, 1925. Appeal No. 122, October T., 1925, by plaintiffs from judgment of the Municipal Court of Philadelphia, April T., 1924, No. 799, for defendants in the case of John Van Pelt and David Van Pelt, trading as Van Pelt & Co. v. Michael Casaccio and Nicholas Casaccio, individually and trading as Casaccio Bros., Maria C. Casaccio and Catherine Casaccio. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit to recover commissions on sale of real estate. Before CRANE, J.

The facts are stated in the opinion of the Superior Court.

The Court entered a compulsory non suit. Plaintiff appealed.

*Error assigned* was the refusal of the plaintiffs' motion to take off the non suit.

*Frederick H. Spotts,* and with him, *Philip L. Leidy,* for appellants.

*G. V. Strong,* of *Smith and Strong,* for appellees.

OPINION BY PORTER, J., December 14, 1925:

The plaintiffs in this action seek to recover commissions, as real estate brokers, upon a sale of a property formerly owned by the defendants on South Seventeenth Street, Philadelphia. The pleadings established that the plaintiffs were not the efficient and procuring cause of the sale; that they had nothing to do with the negotiations leading up to the sale and that if

plaintiffs are entitled to recover commissions it must
be upon the ground that the defendants had entered
into a contract, by the terms of which the latter had
obligated themselves to pay plaintiffs a commission
whether the sale was made through the efforts of the
broker or by the principal, personally or acting
through another agent.  The court below deemed the
evidence presented by plaintiffs insufficient to warrant
a finding in their favor and entered a compulsory non-
suit, which it subsequently refused to take off.  The
plaintiffs appeal.

A broker can acquire an exclusive right of sale only
by a contract in unequivocal terms, expressed or neces-
sarily implied: Wilson v. Franklin, 282 Pa. 189; Tur-
ner v. Baker, 225 Pa. 359.  The evidence in support of
plaintiffs' contention that they had the exclusive right
to sell the property, at the time it was sold, did not
measure up to this standard.  The only witness who
testified that the defendants had conferred upon the
plaintiffs any authority to sell the property was John
Van Pelt, one of the plaintiffs.  He testified that the
firm of Yarrow & Van Pelt, of which he was a member,
had acted as agents of the defendants in the purchase
of the property, in 1920, and that at the time settlement
of said purchase was made that firm had been em-
ployed to act as agents for the leasing of the property
and the collection of the rents.  The witness repeat-
edly said in his testimony, generally in answer to lead-
ing questions, that Yarrow & Van Pelt were employed
as the exclusive agents, but it is manifest from an im-
partial examination of the record that he was testify-
ing to a legal conclusion.  The alleged contract was
oral and according to the witness it was made with but
one of the defendants, namely, Michael Casaccio.
When he attempted to repeat the words of Michael,
this is all that the latter seems to have said at the time,
June 1920, "Yes, and they said that, even then, when
they were just buying the property, if you could get

them a good profit they would consider selling it. They would like to sell it if they could get a profit.'' The court then instructed the witness to give the entire conversation as accurately as he could recall it; whereupon the witness added: ''And that as I had helped them out in buying the property, they would not deal with any other agent than us, than our firm.'' The witness said that this statement was made by Michael Casaccio, in the presence of his family, his brother and his wife. The testimony above quoted is all upon which the plaintiffs found their claim that Yarrow & Van Pelt were employed as the exclusive agents to sell the property. It was totally insufficient to complete a contract. The price at which the property was to be sold was not mentioned, nor was the compensation which Yarrow & Van Pelt would receive, nor the amount of profit which would be satisfactory to the defendants. There was no suggestion as to the time within which the property was to be sold; nor the terms of the sale. The witness further testified that the firm of Yarrow & Van Pelt was dissolved on January 2, 1923; this, of course, put an end to the agency of that firm. In order to establish the agency of the plaintiff firm this witness testified that on December 15, 1922, he had a conversation with Michael Casaccio and that ''He (Michael) said I had always represented him and that he wanted me to continue to represent him; that I had purchased the property and helped him to buy it when he really lacked the amounts at various times to make payments; that I had helped him out, and he wanted me to continue as his agent.'' It must be kept in mind that in ascertaining the terms of an oral contract it is important to inquire just what was said by the parties sought to be charged. The construction which a witness puts upon what was said is less important. The words of Michael Casaccio above quoted are all the competent evidence upon which the present firm of Van Pelt & Co. can pretend to found a

claim that their employment was that of an exclusive agency for the sale of the property and are altogether insufficient for that purpose. The language might very properly be referred to the agency for the leasing of the property and the collection of rents, which had been held by the firm of Yarrow & Van Pelt. Even if the employment of Yarrow & Van Pelt could by any possibility be construed as an exclusive agency to sell the property, the employment of Van Pelt, after Yarrow had retired, as indicated by the testimony last above quoted, certainly put an end to the exclusive character of the agency; Turner v. Baker, supra; Thompson v. Foldman, 1 Pa. Superior Ct. 209. There was not even an attempt to show that Michael Casaccio had authority to contract for the other defendants. The court did not err in refusing to take off the nonsuit.

The judgment is affirmed.