## Koznhowski et al., Appellants, *v.* Litvinas.

*Brokers—Real estate brokers—Principal and agent—Exclusive agency.*

Where an owner gave a broker "the sole and exclusive agency for a term of six months" and further provided that the agreement shall "be revocable only after thirty days' notice in writing," the agency continues until revoked, but the exclusive agency ends with the six months.

Argued November 9, 1925. Appeal No. 343, October T., 1925, by plaintiff, from the order of M. C. Philadelphia Co., May T., 1925, No. 1115, discharging rule for judgment for want of a sufficient affidavit of defense, in the case of Kasmir Koznhowski and Joseph Reuss, co-partners, trading as Koznhowski and Reuss, v. Vincent Litvinas. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Dismissed.

Assumpsit commissions. Before CASSIDY, J.

Rule for judgment for want of a sufficient affidavit of defense.

The facts are stated in the opinion of the Superior Court.

The rule was discharged. Plaintiffs appealed.

*Error assigned* was the order of the court.

*William S. Fenerty,* for appellant.

*John N. Landberg,* for appellee.

OPINION BY PORTER, J., February 26, 1926:

This is an appeal by the plaintiffs from the refusal of the court below to make absolute a rule for judgment for want of a sufficient affidavit of defense. The plaintiffs are real estate brokers and the defendant was the owner of a house and lot in the city of Philadelphia. The parties, on September 2, 1924, entered into a written contract of which the material provisions are as follows: "The undersigned (this defend-

ant) hereby employs Koznhowski & Reuss as the sole and exclusive agent for the sale of the property described on the reverse hereof for a term of six months, and agrees to pay to the said agent a commission of 2% on the gross consideration upon its sale or exchange by whomsoever the same may be made or effected. The agent's authority hereunder may be revoked by the owner at any time, after the expiration of the above term, when no negotiations are pending for the sale and exchange of the property, but only upon and after thirty days notice in writing to that effect given to the agent". The statement of the plaintiffs averred that while the contract was in full force and effect the defendant, without notice to the plaintiffs, sold the said premises and that thereupon the plaintiffs became entitled to commission on the sale. The statement did not aver the date upon which the sale was made by the defendant, nor that the sale was made to any person with whom the plaintiffs had been negotiating. The affidavit of defense averred that the defendant did not sell the property while his contract with the plaintiffs was in full force and effect, but, on the contrary, that he sold it on March 13, 1925, eleven days after the contractual relations between him and the plaintiffs had terminated, and that the sale was made through another broker.

This case is ruled by the decision of the Supreme Court in Wilson v. Franklin, 282 Pa. 189. The agreement which in that case the court considered contained, *inter alia*, the following covenant: "I hereby agree to pay the above commission (3%) to Wilson & Son for procuring a buyer for my business or real estate, and when buyer is procured by Wilson & Son or by the undersigned (the defendant) and deposit is made they are to be paid a commission of 3% on sale price, Wilson & Son to have the sole and exclusive agency for a period of 60 days. This agreement to be re-

vocable at the expiration of the above period only by 30 days written notice''. It thus appeared the agency of Wilson & Son was exclusive for the period of 60 days and, also, that they were to be paid a commission whether the sale was made by the agent or by the owner. Franklin, the owner, had given no notice to Wilson & Son of the termination of the contract, and, after the expiration of the 60 days he sold the property through another agent. It was held by the Supreme Court that under the contract while the agency continued until revoked, the exclusive agency ended with the 60 days. That case cannot be distinguished upon principle from the one with which we are now dealing. Wilson & Son not only were the exclusive agents for the sale of the property of Franklin, but they had the exclusive right to sell, for the period of 60 days; for they were to receive a commission even if the sale was made by the owner. The assignments of error are overruled.

The appeal is dismissed, but without prejudice &c.