## Senderling *v.* Boldwin et ux., Appellant.

*Brokers—Real estate brokers—Principal and agent—Exclusive agency.*

In an action of assumpsit by a real estate broker for a commission alleged to have been earned upon the sale of real estate, it appeared that the defendant gave the plaintiff the exclusive right to sell the property for a period of three months. The contract also provided that the agreement might be revoked at any time after the expiration of the three months "but only upon and after thirty days' notice in writing." The property was sold by the defendant, without the intervention of the plaintiff, after the three months, period had expired, but before the agreement had been revoked.

In such case the agency continued until revoked, but the exclusive

agency terminated at the expiration of the three months, and the agent was not entitled to commission on a sale which was not bnegotiated by him.

Argued October 5, 1927. Appeal No. 18, October T., 1927, by defendants from judgment of M. C. Philadelphia County, March T., 1926, No. 1687, in the case of G. Frank H. Senderling v. David Boldwin and Sarah Boldwin, his wife. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Reversed.

Assumpsit by a real estate broker for commissions. Before BROWN, J., without a jury.

The facts are stated in the opinion of the Superior Court.

The court entered judgment for the plaintiff in the sum of $351. Defendants appealed.

*Error assigned,* among others, was the judgment of the court.

*William S. Fenerty,* for appellants.

*Robert E. Erwin,* for appellee.

OPINION BY PORTER, P. J., March 2, 1928:

The plaintiff in this action of assumpsit seeks to recover commissions alleged to be due him because of a sale of real estate by the defendants; he recovered a judgment in the court below and the defendants appeal.

The contract upon which plaintiff alleged the right to recover commissions was in writing and the covenants material to the determination of the rights of the parties in this case were as follows: "The undersigned [the defendants] hereby employs G. Frank H. Senderling as the sole and exclusive agent for the sale of the property described on the reverse hereof

for a term of three months and agrees to pay to the said agent a commission of (2½%) on the gross consideration upon its sale or exchange, by whomsoever the same may be made or affected. The agent's authority hereunder may be revoked by the owner at any time after the expiration of the above term, when no negotiations are pending for the sale and exchange of the property, but only upon and after thirty days' notice in writing to that effect given to the agent." There was no dispute as to the facts. The property in question was not sold within the term of three months after the execution of the contract, which was dated September 3, 1925, and no negotiations were then pending with any proposed purchaser of the property. On January 19, 1926, the defendants served a written notice upon the plaintiff to withdraw the property from his list of properties for sale. The defendants themselves sold the property on February 15, 1926, with which sale the plaintiff had no connection and of which no negotiations of his were the efficient cause. The plaintiff based his alleged right to recover on the exclusive character of the agency. The learned judge of the court below held that, under the provisions of the contract, the exclusive agency of the plaintiff continued after the expiration of the three months provided in the contract and that the plaintiff had the right to recover commissions if a sale was made at any time within thirty days after notice of the revocation of his agency, although he had no connection with the negotiations which resulted in the sale of the property by the defendants. This ruling was erroneous. A real estate broker can acquire an exclusive right of sale only by a contract in unquestionable terms. Under the covenants of the contract between these parties the plaintiff became the sole and exclusive agent for the sale of the property for a term of three months and if a sale had been made within that term he would

have been entitled to commissions although his efforts had not brought about the sale; the agency continued until thirty days after the notice of revocation, but the exclusive agency ended with the three months. After the expiration of the three months he would only be entitled to recover commissions in case his efforts were the efficient cause of the sale: Wilson v. Franklin, 282 Pa. 189; Koznhowski v. Litvinas, 87 Pa. Superior Ct. 406. The plaintiff's exclusive agency came to an end upon the expiration of the term of three months. His efforts were not the efficient cause of the sale subsequently made by the defendants and he was not entitled to recover commissions. The assignments of error are sustained.

The judgment is reversed and judgment is here entered in favor of the defendants.