## Werner, Appellant, *v.* Hindle

Argued September 27, 1937.

38

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADT-
FELD, PARKER, JAMES and RHODES, JJ.

*C. Wilfred Conard,* of *Conard & Middleton,* with him
*George M. Miller, Jr.,* for appellant.

*Simon Shapiro,* for appellee, was not heard.

OPINION BY STADTFELD, J., November 10, 1937:

The statement of claim sets forth that the plaintiff
is a duly licensed real estate broker; that on November
28, 1934, the defendant employed the plaintiff as his
exclusive agent for the sale of a property situated in
Langhorne, Pa., then owned by the defendant; that
while the agreement was still in force the defendant
sold the property for $2,450. The plaintiff therefore
claims the sum of $122.50, as the commission he is en-
titled to recover under the agreement.

The agreement, copy of which is annexed to the state-
ment of claim, is as follows: "The undersigned, being
the owner, hereby employs A. C. Werner with the sole,
and exclusive right for the sale of Dwg. & Ground, Lin-
coln Hwy. Langhorne, Pa., for a term of 3 months, and
in consideration of his undertaking to sell the said prop.
& Ground agrees to pay him a commission of 5% of sale
price upon its sale, transfer or exchange by whomsoever

the same may be made or effected. ...... The broker's exclusive authority hereunder may be revoked after expiration of the above term by giving a written notice to the broker, at least thirty days prior to the expiration of the current term provided no negotiations are pending for the sale, transfer, or exchange of the same at that time, said thirty day notice to be essence of this agreement. But in default of such notice this exclusive contract shall renew itself from term to term as an exclusive contract with all its conditions remaining in force until notice herein provided shall be given to terminate. If subsequently the same shall be sold, transferred or exchanged to anyone with whom the broker had heretofore been negotiating, then the full commission shall be paid to the broker. WITNESS my hand and seal this 28th day of Nov. 1934. OWNER Wm. Hindle (SEAL)."

The statement of claim further sets forth that written notice of the termination of this agreement was given by the defendant to the plaintiff on May 16, 1936; and that the property was sold by the defendant on July 26, 1936.

To the statement of claim, the defendant filed an affidavit of defense raising questions of law on the ground that since the statement of claim did not allege that the plaintiff had in any way contributed to the sale, and that the statement of claim by its own terms showed that the exclusive agency was no longer in force, the plaintiff did not set forth a cause of action.

The court below, in an opinion by TUMOLILLO, J., found that the agreement was ambiguous as to the extent of the terms for which the contract is to be renewed, and sustained the questions of law and entered judgment for the defendant. With this conclusion, we cannot agree.

All the averments of the statement of claim must be taken to be true: *Troop v. Franklin Savings & Trust Co.*, 291 Pa. 18, 139 A. 492. If, by a fair construction of the

written agreement, it was in effect as an exclusive agency contract at the time of the sale of defendant's property, plaintiff is entitled to recover the commission agreed upon.

The original term of the contract is for three months from Nov. 28, 1934. The contract then provides that "the broker's exclusive authority hereunder may be revoked after the expiration of the above term, by giving a written notice to the broker at least thirty days prior to the expiration of the current term . . . . . . said thirty day notice to be essence of this agreement. But in default of such notice, this exclusive contract shall renew itself from term to term *as an exclusive contract* with all its conditions remaining in force until notice herein provided shall be given to terminate." (Italics supplied). In the absence of notice to terminate, the contract was automatically renewed for six terms of three months each, the sixth term beginning May 28, 1936 and ending August 28, 1936. The written notice of termination given May 16, 1936, was too late to terminate the contract during the term in which it was given, but effectively terminated it on August 28, 1936. As the property was admittedly sold on July 26, 1936, while the exclusive contract was still in force, the plaintiff was entitled to his commission.

We see no ambiguity in the contract. There is only one term referred to therein, and that is for three months. If the contract can be renewed at all, it can only be renewed for that term which is the only one referred to in the agreement. The thirty day period referred to clearly only fixes the time notice to be given before the end of the term, in order to terminate the contract. It does not set-up a new or different term. The construction by the court below reads into the contract an ambiguity which does not exist.

A similar contract was before this court in *Werner v. Hendricks*, 121 Pa. Superior Ct. 46, 182 A. 748. The contract was for a period of two months terminable by

either party on thirty days notice and in default of such notice the contract was to be renewed from term to term. In determining the expiration date, the court gave full recognition to the fact that the renewal terms were for two months each. It did not decide that the contract terminated thirty days after the giving of notice. This court by JAMES, J., said at p. 47: "The contract was automatically renewed for seven terms of two months each, the seventh term beginning on November 19, 1932, and ending on January 19, 1933. On November 30, 1932, the defendants revoked the contract by a written notice thereby terminating the contract on January 19, 1933 . . . . . . During the term of the exclusive contract, if the route had been sold, appellant would have been entitled to his commission regardless of what efforts he had made." See also *Owens v. Wehrle,* 14 Pa. Superior Ct. 536, 538; *Turner v. Baker,* 225 Pa. 359, 74 A. 172. In the latter case, the Supreme Court, in an opinion by Justice ELKIN, said at p. 362. "If an owner of real estate chooses to make a contract with a broker in which it is stipulated that the broker shall have the exclusive right to sell the property within a specified time and that he shall be entitled to receive a certain commission if a sale be made within the time designated, no matter who makes it, he is bound by its terms and cannot be relieved from a bad bargain because his agreement may have been foolish or improvident."

Judgment reversed with a procedendo.