## Quille et al. v. Wible et ux.

*LeRoy Maxwell*, for plaintiffs.
*Albert Foster*, for defendants.

SHEELY, P. J., August 9, 1948.—Defendants have filed preliminary objections to plaintiffs' complaint in which they raise, inter alia, the question whether the complaint states a good cause of action. This depends upon the construction of the contract under which defendants listed their property with plaintiffs for sale, which contract is as follows:

"I hereby list exclusively with you, the following property for the sum of $20,000 Dollars and in the event of a sale to pay a commission of 5% on the purchase price. Minimum commission on Improved property $100.00. This agency shall extend for a non-withdrawal period of 12 months from this date and continue in force thereafter until I notify you otherwise in writing. This agency shall also continue in force for an additional six months with respect to any person with whom there has been negotiations."

It is alleged that defendants sold the property themselves before termination of the contract and the claim is for commissions provided in the contract. There is no allegation that plaintiff procured a buyer ready, willing and able to pay the purchase price, or that plaintiffs were in any manner involved in the sale made by defendants. Plaintiffs' case therefore depends upon whether the contract gave them the right to commissions regardless of who made the sale.

In Pennsylvania a distinction is made between a contract which gives exclusive agency to sell and one which gives the agent an exclusive right to sell. The former merely prohibits the appointment of another agent to sell but does not prevent a sale by the principal, while the latter preserves to the agent his right to commissions regardless of who makes the sale: Turner v. Baker, 225 Pa. 359 (1909); Dain v. Loeffler et al., 256 Pa. 319 (1917). In the absence of an exclusive right to sell, a broker can recover commissions only on the ground that he was the efficient cause of the sale: Wilson v. Franklin, 282 Pa. 189 (1925). A broker can acquire an exclusive right of sale only by a contract in unequivocal terms or by necessary implication: Ritch v. Robertson, 106 Atl. (Conn.) 509; Wilson et al. v. Franklin, 282 Pa. 189 (1925); or by a contract in unquestionable terms: Senderling v. Boldwin, 92 Pa. Superior Ct. 398 (1927); or a contract in unequivocal terms, expressed or necessarily implied: VanPelt et al.

v. Cassaccio et al., 86 Pa. Superior Ct. 590 (1926). And if the meaning of the contract is doubtful it must be construed most strongly against the person who prepared it: Wilson v. Franklin, 282 Pa. 189 (1925).

In the present case the contract provides that "I hereby list exclusively with you. . . ." The word "list" has been defined to mean "to enroll in a list or catalogue; esp., to enter in a price list, as goods". It has come to have a meaning in the real estate business equivalent to "I engage or employ you as agent for the sale of", so that the present contract at least provided for the employment of plaintiffs as exclusive agents for the sale of the property. Whether it went further and also gave them the exclusive right to sell and provided for their commissions regardless of who made the sale depends on the words: "In the event of sale I agree to pay you a commission." Do these words mean "in the event of a sale by you under this contract", or do they mean: "in the event of a sale by anyone"? The contract cannot be said to establish the right to commissions in the event of a sale by anyone in "unequivocal or unquestionable" terms. At least the language is ambiguous and, applying the rule that it must be construed most strongly against the person who prepared it (which was plaintiffs), we must hold that it referred to a sale by plaintiffs and not a sale generally. The contract was the equivalent of: "I hereby list exclusively with you for sale and in the event that a sale is effected by you I agree to pay a commission."

Plaintiffs contend that the agreement to pay commissions "in the event of sale" is without limitation or restriction as to who makes the sale, and leaves no room for doubt that upon the happening of the event the commissions are payable. In other words, it is their contention that unless the agreement restricts the payment of commissions to a sale made by the agent, the principal will be liable on a sale made by anyone. As we

read the cases, however, the rule of construction is exactly the converse. Unless the contract specifically, or by necessary implication (that is, in unequivocal or unquestionable terms) gives the agent the right to commissions regardless of who makes the sale, the right does not exist. In Turner v. Baker, 225 Pa. 359, 362 (1909) it was said:

"It is true in some of our cases, where the parties had executed a contract in which it was expressly covenanted that the broker should be paid a stipulated commission in the event of a sale within the time specified no matter whether it was effected by the broker, or by the principal, or by any other person, it was held that the commission could be recovered when the sale was made and that it was immaterial who made it. These cases announce no new rule of law. They are simply declarations of a fundamental maxim which is that parties are bound by the terms of their own contract. If an owner of real estate chooses to make a contract with a broker in which it is stipulated that the broker shall have the exclusive right to sell the property within a specified time and that he shall be entitled to receive a certain commission if a sale be made within the time designated, no matter who makes it, he is bound by its terms and cannot be relieved from a bad bargain because his agreement may have been foolish or improvident. *Our cases have gone thus far and no further.*" (Italics supplied.)

The form of the contract in Turner v. Baker is not indicated in the report, but the court stated that the principal had constituted the agent as his sole agent for the sale and it further stated that he should have the exclusive right to dispose of the property. The case was ruled on the absence of a specific agreement to pay regardless of who made the sale.

The cases relied upon by the plaintiffs are all cases in which the right to commissions was specifically given. In Dain v. Loeffler, 256 Pa. 319 (1917) the agreement recited defendants' desire to secure the

service of plaintiff and gave plaintiff "the exclusive option on the sale of all stock . . . for . . . ninety days . . . and to pay to said second party a commission in cash of 10% on all stock sold during that time". It was held that plaintiff had an exclusive right to sell. In Senderling v. Boldwin, 92 Pa. Superior Ct. 398 (1927) the contract appointed plaintiff "sole and exclusive agent" for three months and provided for the payment of commissions "upon its sale or whomsoever the same may be made or affected (sic.)". The agreement provided for its continuance after the three-month period. The sale was made after the three-month period but before termination of the contract and it was held that the contract was exclusive for only the initial period. In Owens v. Wehrle, 14 Pa. Superior Ct. 536 (1900) the contract provided:

"And in case a sale is effected through the above agent, or any other person, or within the time specified, I agree to pay. . . ." In Raeder v. Butler, 19 Pa. Superior Ct. 604 (1902) the contract provided that if the property be "sold or exchanged in the meantime by someone else, he, the said C. E. Butler, agrees to pay said Raeder commission aforesaid for his time, trouble, services and advertising of said property."

In Koznhowski v. Litvinas, 87 Pa. Superior Ct. 406 (1926), the contract provided for a commission "upon its sale or exchange by whomsoever the same may be made or effected". In VanPelt v. Casaccio, 86 Pa. Superior Ct. 590 (1926), the proof did not go beyond showing that defendant had orally told plaintiff he would not deal with the other agent. This was held insufficient. And in Sweeney and Clyde v. Berman, 76 Pa. Superior Ct. 46 (1921), plaintiff did have an exclusive contract for sale and did produce a buyer within the time limited, but during the negotiations defendant sold the property to another buyer. Defendant was held liable for commissions. Werner v. Hendricks et al., 121 Pa. Superior Ct. 46, 48 (1936), relied

upon by plaintiffs, is not in point and the statement that "during the term of the exclusive contract, if the route had been sold, appellant would have been entitled to his commissions regardless of what efforts he had made" is dicta since the sale was made after the termination of the contract and the issue was whether plaintiff had negotiated with the purchaser.

Under the pleadings in this case, if the contract be construed as giving plaintiffs a right to commissions on a sale which they did not effect a serious question of consideration for defendants' promise arises in the absence of any allegation of the efforts made by plaintiffs to sell the property: Owens v. Wehrle, 14 Pa. Superior Ct. 536 (1900). It is unnecessary to pass on this question, however, since we hold that the contract did not so provide.

In view of our conclusions it is unnecessary to pass upon the other questions raised. We cannot, however, dismiss plaintiffs' action since they might be able to recover some damages on other pleadings. It has been held that if a broker is not able to show a state of facts upon which he would be entitled to commissions, but the principal violated the exclusive contract, his right to recover must be confined to compensatory damages for the breach by defendant of his covenant not to withdraw the sale of the property from the agency: S. V. Thompson Co. v. Goldman, 41 Pa. Superior Ct. 209, 218 (1909) ; Johnson v. Ritter, 111 Pa. Superior Ct. 484 (1934). To recover such damages, however, plaintiffs must allege and prove the efforts made by them to sell the property, which is not done in this case.

And now, August 9, 1948, the preliminary objections to the complaint are sustained and it is directed that judgment be entered in favor of defendants and against plaintiffs unless plaintiffs shall, within 15 days of this date, file an amended complaint in line with the foregoing opinion.