## Grant Estate

*Matthew Rankin*, for exceptant.

*Desmond & Grant*, contra.

VAN RODEN, P. J., May 5, 1950.—Claimant, a licensed real estate broker, has filed exceptions to the dismissal of her claim for commission on the sale of real estate owned by decedent and conveyed by the executors after decedent's death.

It appears that on July 23, 1947, decedent appointed claimant as the "sole and exclusive agent" for the sale of premises no. 339 West Ninth Street, Chester, Pa., at an offering price of $22,000. The agreement provided that:

"The authority hereby given to said Agent to be nonrevocable during a period of six months from the date hereof, and is to be a continuing authority thereafter until revoked in writing by the undersigned, after said period of six months, upon thirty days written notice by the undersigned to said Agent; provided, however, no negotiations are pending for the sale or exchange of the property.

"If said property is sold or exchanged within ninety days subsequent to such revocation to any party with whom said Agent or any member of the Chester Real Estate Board has been negotiating, the said commission is to be paid said Agent."

Shortly before her death, while in the hospital, decedent told her son, Joseph Grant, that she would like

him to take over the property and offered it to him at a price of $15,000. He told her that if he could dispose of his property in Norwood he would buy her property (which had been the family residence for many years), and she told him to see his two brothers, John and Vincent (the executors named in her will) about it. Decedent also told her daughter, Kathryn M. Platt, to notify claimant concerning the situation. Claimant prepared a written agreement of sale and presented it to Joseph Grant for execution and also requested a deposit of $500. He refused to sign the agreement, stating that he had not yet sold his property. Thereafter, on February 13, 1949, decedent died, and on April 19, 1949, the executors conveyed the property to Joseph Grant for $15,000.

In order for claimant to recover, she must show that she is entitled to a commission either by virtue of the exclusive agency contract, or by reason of a sale within 90 days after the termination of the contract to a person with whom she had been negotiating, or that she was the efficient cause of the sale. The auditing judge held that she failed to bring herself within any of these categories.

It is obvious that claimant cannot successfully rely upon the exclusive agency created by the contract, since the exclusiveness of the agency prevailed only for the six months' period during which the authority was nonrevocable. Thereafter, the agency continued until revoked, but was not exclusive: Stroud v. Smith, 32 Del. Co. 595 (1944). During the period of nonexclusive agency the owner was free to sell to anyone and at any price she desired, and no commission would accrue to an agent unless his negotiations were the efficient cause of the sale: Senderling v. Boldwin, 92 Pa. Superior Ct. 398 (1927).

The general rule of law is that death of the principal terminated the authority of the agent: A. L. I. Restate-

ment of the Law of Agency §120. It follows that the agency contract in the instant case was terminated by decedent's death on February 13, 1949. Thereafter, claimant was entitled to a commission only in the event of a sale within the period of 90 days to a person with whom she had been negotiating. Claimant has failed to convince the court that her activities amounted to negotiations. In Werner v. Hendricks et al., 121 Pa. Superior Ct. 46, 49 (1936), in construing a similar clause, it was held that:

"Negotiations are the deliberations which take place between the parties touching a proposed agreement: Bouvier's Law Dictionary, Vol. 2, p. 2331. To negotiate is to transact business, to treat with another respecting a purchase and sale, to hold intercourse, to bargain or trade, to conduct communications or conferences. It is that which passes between parties or their agents in the course of or incident to the making of a contract; it is also conversation in arranging terms of contract: . . . Negotiation presupposes a mutual interest in the subject matter and merely directing one's attention without further enlisting interest or discussion falls far short of negotiations. The mere offer or solicitation, which meets with prompt refusal or rejection having no effect whatever upon the subsequent purchase of the route, cannot be regarded as negotiations within the meaning of the contract."

The action of claimant in preparing an agreement of sale on the terms proposed by decedent and submitting it to Joseph Grant, but failing to get the agreement signed, falls far short of the above criterion.

It cannot be seriously contended that Mrs. Read made the sale since she did not introduce the buyer to the seller (his mother) nor to the property (where he had lived for many years) nor did she arrange the terms of the transaction, nor is there any evidence that her intervention ultimately induced the purchaser to

buy. See Lee's Estate, 48 Lack. Jur. 1 (1946). The evidence is insufficient to establish to the satisfaction of the court that claimant was in fact the efficient cause of the sale. Having failed to establish any proper basis for recovery, either ex contractu or quantum meruit, the auditing judge properly dismissed her claim.

Accordingly, the exceptions to the adjudication nisi are hereby dismissed, and the adjudication is hereby ratified and confirmed absolutely.