Byrne, Appellant, *v.* Bushkoff.

Argued October 4, 1954. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

*Theodore R. Mann,* with him *Maximillian J. Klinger,* for appellant.

*Samuel B. Brenner,* with him *Brenner & Brenner,* for appellee.

Opinion by Wright, J., January 14, 1955:

John F. Byrne is a real estate broker in the City of Philadelphia. On December 12, 1952, Elmer S. Bushkoff signed an agreement[1] by virtue of which Byrne was to endeavor to secure a purchaser for Bushkoff's tap room business, license and equipment. The agreement gave Byrne the exclusive right of sale for a period of thirty days, and further provided: "The agents authority hereunder may be revoked by the owner at any time, after expiration of the above term, upon thirty days notice in writing to the agent. *Otherwise this agreement will renew itself for the same period in all its terms and contents* (italics supplied)". Byrne brought suit in assumpsit alleging that, without having given notice of revocation, Bushkoff made a sale through another broker[2] on February 10, 1953. Preliminary objections were filed upon the ground that Byrne's authority was not exclusive at the time of the sale. Byrne has appealed from an order of the court below sustaining the preliminary objections and dismissing the complaint.

Bushkoff here contends, as the court below held, that Byrne cannot recover because he was admittedly not the efficient cause of the sale. This contention is based upon the proposition that, while Byrne's general authority continued, the exclusive character of that au-

---

[1] Bushkoff is President of and principal stockholder in Hub Bar, Incorporated. The fact that Byrne did not sign the agreement is not material: *Dain v. Loeffler,* 64 Pa. Superior Ct. 166.

[2] If the owner himself had sold, the same result would follow. An exclusive right to sell is more extensive than an exclusive agency to sell: *Dain v. Loeffler,* 256 Pa. 319, 100 A. 888. And see *Quille v. Wible,* 64 D. & C. 427.

thority ended at the expiration of the original period of thirty days. Reliance is placed upon *Wilson v. Franklin*, 282 Pa. 189, 127 A. 609, and *Senderling v. Boldwin*, 92 Pa. Superior Ct. 398. In the *Wilson* case an exclusive right of sale was given for a definite period. The agreement then provided: "This agreement to be revocable at the expiration of the above period only by thirty days' written notice". Mr. Justice WALLING said: "for while the agency continued until revoked the exclusive agency ended with the sixty days. That seems to be the plain meaning of the instrument, but were it doubtful the construction should be favorable to defendant as it was prepared by plaintiffs . . . A broker can acquire an exclusive right of sale only by a contract in unequivocal terms or by necessary implication . . . In the absence of an exclusive agency, a broker can recover only on the ground that he was the efficient cause of the sale". In the *Senderling* case, a similar provision was interpreted in like manner, based upon the authority of the *Wilson* case. And see *Koznhowski v. Litvinas*, 87 Pa. Superior Ct. 406.

The *Wilson* and *Senderling* cases do not establish as a rule of law that an exclusive right of sale must be limited to the period of its original duration and may not be automatically renewed even though the agreement expressly so provides. The proposition for which these cases actually stand is that a broker can acquire an exclusive right of sale only by a contract conferring such authority in unequivocal terms or by necessary implication. See *Szemis v. Szlachta*, 172 Pa. Superior Ct. 351, 93 A. 2d 892. In construing a contract every part must be taken into consideration and given effect if possible: *Daniels v. Lehigh Portland Cement Co.*, 281 Pa. 353, 126 A. 761. The words used must be given their ordinary meaning: *Paull v. Pivar*, 161 Pa. Superior Ct. 233, 53 A. 2d 826.

It should be noted that the agreements considered in the *Wilson* and the *Senderling* cases did not contain an express renewal clause. This significant additional provision in the instant agreement, namely, that the "agreement will renew itself for the same period in all its terms and contents", clearly establishes in unambiguous language that the exclusive character of appellant's authority was to be continued. In *Werner v. Hindle*,[3] 129 Pa. Superior Ct. 37, 194 A. 754, the agreement provided that the broker's exclusive authority might be revoked after expiration of the original period by giving thirty days written notice, but that in default thereof the agreement should renew itself from term to term with all its conditions remaining in force. We held that the renewal clause was unambiguous and should be given effect.

The order of the court below is reversed with a procedendo.

---

[3] This case is not mentioned in the briefs of counsel and was apparently not called to the attention of the lower court.