HOFFMAN and SPAULDING, JJ., join in this dissent.

Hoffman *v.* Lomma Enterprises, Inc.,
Appellant.

Argued June 13, 1966. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

reargument re-
fused October 4, 1966.

*Joseph E. Gallagher*, with him *Ralph G. Mastrianni*, and *O'Malley, Morgan, Bour & Gallagher*, for appellant.

*James E. O'Brien*, with him *Kennedy, O'Brien & O'Brien*, for appellee.

OPINION BY WRIGHT, J., September 15, 1966:

We are here concerned with an assumpsit action instituted by Paul Hoffman, 15 Bowerhill Road, Pittsburgh, against Lomma Enterprises, Inc., a Pennsylvania corporation with offices at 305 Cherry Street, Scranton, wherein the plaintiff sought to recover a commission of $4,500.00 on the sale by the defendant to Joseph A. Castellucci and wife of a miniature golf course installation. The case was tried before Judge CONABOY

and a jury. Following a verdict for the plaintiff, the defendant filed a motion for a new trial. This motion was subsequently dismissed by the lower court, and judgment was entered on the verdict. The defendant has appealed. The factual situation is summarized in the following excerpt from the opinion below:

"The testimony in this case revealed that the defendant, Lomma Enterprises, Inc., was engaged in the manufacture of miniature golf courses and related equipment. On June 11, 1963, the plaintiff was appointed, by the defendant, as a free-lance salesman covering the Pittsburgh area. At the time of his appointment, it was agreed that the plaintiff would be paid a commission on any sale which he made; that the commission would vary depending upon the price of the product which he sold, and, in any event, the commission would amount to 12% where the sale price was $9,900.00 or more.

"Some time in October of 1963, the plaintiff was directed by the defendant to, and did, contact a prospect by the name of Castellucci and conducted certain negotiations with the said Castellucci for the installation of various types of golf equipment.

"On January 21, 1964, while he was still in contact with the said Castellucci, plaintiff was notified by letter, from the defendant, to cease his contact with Castellucci, but at the same time was assured by the defendant that he 'would be protected commission-wise' in the event of a subsequent sale to the prospect, Castellucci.

"Thereafter, the defendant and Castellucci did in fact enter into an agreement [May 22, 1964] under which the defendant installed for the said Castellucci a driving range, a miniature golf course and other equipment at a price which the defendant informed the plaintiff was $37,500.00 . . . Subsequently, the plaintiff sought his commission on the total sales price ($37,-500.00), which the defendant refused to pay".

Plaintiff's theory was that there was no limit as to the size or price of the installations which he was authorized to sell; that he negotiated with Castellucci concerning the installation of defendant's equipment; and that, because of the extent of the job contemplated, he was directed by telephone from the main office to "lay off this, we will protect you commission-wise".[1] Defendant's theory was that plaintiff was only authorized to sell small prefabricated installations, that Castellucci was interested in a more elaborate project, that there was a definite break in the negotiations, and that plaintiff was not the efficient cause of the eventual sale. In this connection it is not without significance that plaintiff received a telephone call from defendant's division director (with defendant's president listening in) in which it was stated that "we are going to figure you in, Paul, on $500.00 good faith money because you put a lot of effort in, and although this is not the normal type of sale, we are going to figure you in for $500.00". There was a dispute as to whether this call was made before or after the execution by defendant of the contract with Castellucci.

There have been many cases of this nature in our appellate courts. *Keys v. Johnson*, 68 Pa. 42, is an early decision with a concise opinion by Justice SHARSWOOD. The applicable legal principles were recently reviewed at length in *Axilbund v. McAllister*, 407 Pa. 46, 180 A. 2d 244. See also *Helmig v. Rockwell Manufacturing Co.*, 380 Pa. 305, 111 A. 2d 118; *Cherry v. Wolf*, 205 Pa. Superior Ct. 484, 210 A. 2d 917. It is not plaintiff's

---

[1] Plaintiff offered a subsequent letter from defendant's division director dated January 21, 1964, which reads as follows: "Dear Paul: Just a little note to inform you that I'm working very closely with Joe Castellucci, and I am to meet with him in the first part of February. As I previously suggested, please don't contact him. You will be fully protected commission-wise. It looks real good".

contention that he was given an exclusive right of sale. Cf. *Byrne v. Bushkoff,* 177 Pa. Superior Ct. 101, 110 A. 2d 813. He can therefore recover a commission only on the ground that he was the efficient cause of the sale, and this is ordinarily a question of fact for the jury to determine: *Seligson v. Young,* 189 Pa. Superior Ct. 510, 151 A. 2d 792. He may have been the efficient and procuring cause of the sale, so as to be entitled to compensation; even though the transaction was consummated by the principal: *Stein v. Fisher,* 198 Pa. Superior Ct. 151, 181 A. 2d 871. Where there is, as in the case at bar, a conflict in the testimony as to whether the transaction was completed without a break in the negotiations, the question is one for the jury: *Bossart v. Erie Coal Mining Co.,* 276 Pa. 63, 119 A. 731.

Appellant's principal contention is that "the combined negotiations of plaintiff and defendant with the buyer for the sale or installation of the golf course and driving range had terminated". This contention is based on the fact that, on March 31, 1964, Castellucci and his wife executed a construction agreement with another contractor. However, this fact was not known to either plaintiff or defendant. The construction contemplated under this agreement was not accomplished, and Castellucci continued negotiations with the defendant. We perceive no error in the refusal by the trial judge to receive the other contract in evidence. Castellucci testified in detail regarding it, and the jury was instructed that such a contract had been made. No useful purpose would have been served by making the contract itself a part of the record. Indeed, it is stated in appellant's brief that the non-admission of this exhibit may be "academic".

In summary, we have concluded from our review of the instant record that the question involved on this appeal was properly determined in the court below. Plaintiff's agency was never terminated. The plain

inference from the testimony and the documentary evidence is that the defendant considered this transaction to be of such magnitude and so far different from its previous installations that it should be closed by the officials in the main office. However, plaintiff was expressly informed that he would be protected so far as his commission was concerned. There was ample evidence from which the jurors could find, as they did, that there was no break in the negotiations. Appellant has entirely failed to convince us that the verdict of the jury should be disturbed.

Judgment affirmed.